| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> UTSA Apartments 8, LLC, et al. | **DEFENDANTS** Woodlark Apts LLC, UTSA Apts #2, 7, 11, 14, 21, 26, 29, 31 |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> Langley & Banack, Inc. c/o R. Glen Ayers <br> 745 E. Mulberry, #900, San Antonio, TX 78212; | **ATTORNEYS** (If Known) <br> Barbara Barron <br> 1212 Guadalupe St, #104, Austin, TX 78701 |
| **PARTY** (Check One Box Only) <br> ☑ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor ☑ Other <br> ☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED) <br> Action for Sale Free of Lien Under 11 U.S.C. Sect. 363(h) and Rule 7001(3) | |

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☑ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – reinstatement of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought <br> Retention of sales proceeds as set out in pleading | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>UTSA Apartments 8, LLC, et al. | | BANKRUPTCY CASE NO.<br>15-52941 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Western District of Texas | DIVISIONAL OFFICE<br>San Antonio | NAME OF JUDGE<br>Ronald B. King | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF<br>UTSA Apartments 8, LLC et al | DEFENDANT<br>Woodlark UTSA Apartments, | ADVERSARY PROCEEDING NO.<br>15-05093 | |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>Western District of Texas | DIVISIONAL OFFICE<br>San Antonio | NAME OF JUDGE<br>Ronald B. King | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>R. Glen Ayers | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CHAPTER 11 CASE |
| UTSA APARTMENTS 8, LLC, et al. DEBTOR. | § § § § | Jointly Administered<br><br>CASE NO. 15-52941 |
| UTSA APARTMENTS 8, LLC, et al.<br>Plaintiffs,<br><br>v.<br><br>UTSA Apartments 2, LLC, UTSA Apartments 7, LLC, UTSA Apartments 11, LLC, UTSA Apartments 14, LLC, UTSA Apartments 21, LLC, UTSA Apartments 26, LLC, UTSA Apartments 29, LLC, UTSA Apartments 31, LLC<br><br>And<br><br>Woodlark UTSA Apartments, LLC,<br>    Defendants. | § § § § § § § § § § § § § § § § § § § § | ADV. PRO. _____ |

## ACTION UNDER 11 U.S.C. §363(h) FOR ORDER ALLOWING OF SALE OF NON-DEBTOR INTERESTS IN THE PROPERTY KNOWN AS THE RESERVE

TO THE HONORABLE RONALD B. KING, CHIEF UNITED STATES BANKRUPTCY JUDGE:

NOW COME the Debtors in possession jointly administered proceeding and files this adversary proceeding under 11 U.S.C.§363(h) and would should the Court as follows:

1.     The pending consolidated case, 15-52941, involves the re-organization of a student apartment complex located in San Antonio, Texas by 19 of the persons who own this property as Tenants in Common ("TIC"). An additional eight persons, also TIC's, who have not filed bankruptcy, have stated their consent to the proposed sale of the Reserve in this bankruptcy proceeding with each to receive a ratable distribution. Woodlark, UTSA Apartments, LLC,

which holds a total of approximately 20% of the Reserve, has indicated some interest in participating in such a sale but has not consented to such sale.

2. Pursuant to Fed.R.Bankr. Pro.7001(3) absent express consent, it is necessary to file an adversary proceeding in order to proceed with the sale. While the Debtors have received assurances of support from eight of the non-Debtor TIC's, and Woodlark remains uncommitted, the Debtors received a long anticipated, much delayed, "Purchase and Sale Agreement" from the proposed purchaser, Vesper Acquisition, LLC, on the afternoon of May 31, 2016. A copy of the Vesper PSA is not attached but has been or will be provided to parties to this litigation.

3. This has meant that the written consents of the Debtor TIC's and certainly the non-Debtor TIC's, including Woodlark, will not be obtained in time to go forward on a consensual basis. Therefore, out of an abundance of caution, this Adversary Proceeding has been commenced.

## Issues Presented

4. Pursuant to 11 U.S.C. §363(h), the Trustee or Debtor in possession may sell property held by Tenants in Common may be sold in a bankruptcy if three conditions are met: partition is not practicable; the sale of the estate's interest would generate a significantly less than a sale; three of the interest of the co-owners. (Where certain utilities are involved, §363(h)(4) applies; it is not applicable here.)

5. Clearly in this case the sale of this property free of the interest of co-owners, with the interest of co-owners, with the interests of all owners to receive their ratable share of the proceeds net of payment of priority claims against the property, is beneficial to all of the parties. As the Debtors have shown in this case, Woodlark has made demands on all TIC's for advances of cash to cover operating and other expenses. Several of the TIC's have surrendered their

interest to Woodlark rather than pay additional advances. This group of bankruptcies was filed because the current Debtor TIC's were faced with expensive arbitration proceedings with Woodlark over additional claims for contributions to operating expenses.

8. Woodlark, the sole person not expressly consented in one form or another to this sale, has long asserted that the property has no net value, but and that the TIC owners, in order to retain their interests, must make contributions to cover expenses or forfeit their interests.

9. It is clear from the facts in this case that the appropriate approach is to sell the whole of the Reserve with proceeds to be portioned to the owners following payments, taxes, liens, and, after payment of closing costs, any *ad valorem* taxes, and the balance due on the principle and interest due to the first lien holder, FST, with the balance be held in the registry of the court pending resolution of the claims of FST for payment of any alleged pre-payment penalty, and the allowance of any claims of Woodlark for (1) management fees, (2) funds advanced for expenses, and (2) an amount known as a "Disposition Fee."

**Prayer**

The Debtors request entry of an order permitting the sale of this property pursuant to 11 U.S.C. §363 (h) and for such other relief as they may be entitled, with all disputed claims to be held in the registry of the Court pending resolution.

Respectfully submitted,
LANGLEY & BANACK, INC.
745 E. Mulberry, Suite 900
San Antonio, TX 78216
Telephone: (210) 736-6600
Facsimile: (210) 735-6889
By: */s/ R. Glen Ayers*
R. GLEN AYERS
State Bar No. 01467500
Email: gayers@langleybanack.com

David S. Gragg
State Bar No. 08253300
E-mail: dgragg@langleybanack.com

-And-

Charles B. Gorham, LLP
1027 Austin Highway, Suite 150
San Antonio, Texas 78209
Tel. 210/822-5775
Fax 210/822-3883
E-mail: charles@cgorham.com

Charles B. Gorham
State Bar No. 08215000

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 31st day of May, 2016, a true and correct copy of the foregoing document was filed with the Court and served electronically upon those parties registered to receive notice via the Court's CM/ECF system.

Barbara Barron
Stephen Sather
1212 Guadalupe St., Suite 104
Austin, Texas 78701
*Attorneys for Defendant*

/s/ *R. Glen Ayers*
R. GLEN AYERS